1
2
3
4
5
6
7
8
9
10
11
12
13
14

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

TONY EUGENE SAFFOLD,                         1:10-cv-01295-OWW-MJS (HC)

               Petitioner,          FINDINGS AND RECOMMENDATION
                                             REGARDING PETITION FOR WRIT OF
    v.                                     HABEAS CORPUS

                                             [Doc. 1]

JAMES HARTLEY, Warden,

               Respondent.

_____/

15
16
17

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented by Amy A. Daniel, Esq., of the California Office of the Attorney General.

18

**I.**    **BACKGROUND**[1]

19
20
21
22
23

    Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation (CDCR) following his 1990 conviction in San Joaquin County Superior Court for first degree murder, robbery, assault with a deadly weapon, and various sentencing enhancements. (Answer, Ex. 1, ECF No. 15-1.)   Petitioner was sentenced to an indeterminate  term of thirty years to life. (Id.)

24
25

    In the instant petition, Petitioner does not challenge the validity of his conviction. Petitioner presents two claims. First, he challenges the Board of Parole Hearings' (Board)

26
27
28

_____

[1] This information is taken from the state court documents attached to Respondent's answer and is not subject to dispute.

May 5, 2009 decision finding him unsuitable for release on parole. Petitioner claims that his due process rights were violated because the Board's decision was not supported by some evidence. Second, Petitioner claims that Marsy's Law[2] violates the ex post facto and due process clauses of the state and federal constitutions. (See Pet., ECF No. 1 at  4.)

On September 14, 2009, Petitioner filed a state petition for writ of habeas corpus in the San Joaquin County Superior Court challenging the Board's 2009 decision. (Answer, Ex. 2, ECF Nos. 15-2 to 15-12.) On November 16, 2009, the Superior Court denied the petition. (Id. at Ex. 3, ECF No. 15-3.) On December 1, 2009, Petitioner filed a state petition with the California Court of Appeals, Third Appellate District. (Id. at Ex. 4, ECF Nos. 15-14 to 15-23.) The petition was denied on December 17, 2009. (Id. at Ex. 5, ECF No. 15-24.) Finally, Petitioner also filed a petition with the Supreme Court of California on December 28, 2009, which was denied on July 14, 2010. (Id. at Exs. 7-8, ECF Nos. 15-25 to 15-37.)

Petitioner filed the instant petition for writ of habeas corpus on July 21, 2010. Respondent filed an answer to the petition on January 18, 2011, and Petitioner filed a traverse on February 22, 2011.

**II.   DISCUSSION**

**A.      Standard of Habeas Corpus Review**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Petitioner is in custody of the CDCR pursuant to a state court judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold

---

[2]Cal. Penal Code § 3041.5, as amended in 2008 by Proposition 9 (Marsy's Law).

1   requirement of being in custody pursuant to a state court judgment. <u>Sass v. Cal. Bd. of</u>

2   <u>Prison Terms</u>, 461 F.3d 1123, 1126-1127 (9th Cir. 2006), *overruled on other grounds by*

3   <u>Hayward v. Marshall</u>, 603 F.3d 546, 555 (9th Cir. 2010), *and citing* <u>White v. Lambert</u>, 370

4   F.3d 1002, 1009-10 (9th Cir. 2004) ("Section 2254 'is the exclusive vehicle for a habeas

5   petition by a state prisoner in custody pursuant to a state court judgment, even when the

6   petition is not challenging his underlying state court conviction.'").

7           Under the AEDPA, an application for a writ of habeas corpus by a person in custody

8   under a judgment of a state court may be granted only for violations of the Constitution or

9   laws of the United States. 28 U.S.C. § 2254(a); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.

10  7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). Federal habeas corpus relief is available for

11  any claim decided on the merits in state court proceedings if the state court's adjudication

12  of the claim:

13          (1) resulted in a decision that was contrary to, or involved an
            unreasonable application of, clearly established federal law, as
14          determined by the Supreme Court of the United States; or

15          (2) resulted in a decision that was based on an unreasonable
            determination of the facts in light of the evidence presented in
16          the State court proceeding.

17  28 U.S.C. § 2254(d); <u>see</u> <u>Lockyer v. Andrade</u>,  538 U.S. 63, 70-71, 123 S. Ct. 1166, 155

18  L. Ed. 2d 144 (2003).  Accordingly, Petitioner bears the burden of demonstrating that the

19  state court's decision was either contrary to or an unreasonable application of federal law

20  <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002); <u>Baylor</u>

21  <u>v. Estelle</u>, 94 F.3d 1321, 1325 (9th Cir. 1996).  Although "AEDPA does not require a

22  federal habeas court to adopt any one methodology," there are certain principles which

23  guide its application. <u>Lockyer</u>, 538 U.S. at 71.

24          First, the AEDPA establishes a "highly deferential standard for evaluating state-court

25  rulings." <u>Woodford</u>, 537 U.S. at 24. Determinations of factual issues made by state courts

26  are presumed to be correct. 28 U.S.C. § 2254(e)(1). Accordingly, when assessing whether

27

28

the law applied to a particular claim by a state court was contrary to or an unreasonable application of "clearly established federal law," a federal court must review the last reasoned state court decision. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004); Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). If a state court summarily denies a claim, the court "looks through" the summary disposition to the last reasoned decision. Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000); Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S. Ct. 2590 (1991), 115 L. Ed. 2d 706 (1991). Conversely, de novo review, rather than AEDPA's deferential standard, is applicable to a claim that the state court did not reach on the merits. Lewis v. Mayle, 391 F.3d 989, 996 (9th Cir. 2004); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

Second, the court must ascertain whether relevant federal law was "clearly established" at the time of the state court's decision. To make this determination, the Court may only consider the holdings, as opposed to dicta, of the U.S. Supreme Court. See Williams v. Taylor, 529 U.S. at 412. In this context, Ninth Circuit precedent remains persuasive but not binding authority for purposes of determining whether a state court decision is an unreasonable application of Supreme Court Law. See Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).

Third, the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have "independent meanings." Bell v. Cone, 535 U.S. 685, 694, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002). Under the "contrary to" clause, a federal court may grant a writ of habeas corpus only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides the case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams, 529 U.S. at 405. It is not necessary for the state court to cite or even to be aware of the controlling federal authorities "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).

Under the "unreasonable application" clause, the court may grant relief "if the state

court correctly identifies the governing legal principle…but unreasonably applies it to the facts of the particular case." <u>Bell</u>, 535 U.S. at 694; <u>Williams</u>, 529 U.S. at 407-08. As the Supreme Court has emphasized, a court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." <u>Williams</u>, 529 U.S. at 411. Thus, the focus is on "whether the state court's application of clearly established federal law is objectively unreasonable." <u>Bell</u>, 535 U.S. at 694.

## B.   Application of Due Process to California Parole

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. <u>Hayward v. Marshall</u>, 602 F.3d 546, 561-563 (9th Cir. 2010); <u>Pearson v. Muntz</u>, 606 F.3d 606, 608-609 (9th Cir. 2010); <u>Cooke v. Solis</u>, 606 F.3d 1206, 1213 (9th Cir. 2010), *rev'd*, <u>Swarthout v. Cooke</u>, ___ U.S.___, 131 S. Ct. 859, 178 L. Ed. 2d 732, (Jan. 24, 2011). The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. <u>Hayward</u>, 603 F.3d at 563; <u>Pearson</u>, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a *per curiam* opinion in <u>Swarthout v. Cooke</u>, 131 S. Ct. 859. In <u>Swarthout</u>, the Supreme Court held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." <u>Id.</u> at 863. The federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." <u>Id.</u> at 862, *citing*, <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 16 (1979). Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of

1  reasons for the parole board's decision. (See Answer Ex. 2.) According to the Supreme

2  Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether

3  [the petitioner] received due process." Swarthout, 131 S. Ct. at 863.  "The Constitution

4  does not require more [process]." Greenholtz, 442 U.S. at 16.

5        Given the holding in Swarthout, this Court must and does conclude that Petitioner

6  does not present cognizable claims with regard to substantive due process and

7  recommends that his claim for such relief be summarily dismissed.

8        **C.    Marsy's Law**

9  _____Petitioner claims Marsy's Law is a retroactive application of a parole statute in

10  violation of the ex post facto clause because the application of that statute results in an

11  increased parole deferral period and a longer term of incarceration. See Gilman v.

12  Schwarzenegger, No. 10-15471, 2010 U.S. App. LEXIS 26975 at *4-8, 2010 WL 4925439

13  (9th Cir. Dec. 6, 2010) (describing the changes to extend the deferral period for

14  subsequent parole hearings from a range of one to five years to a range of three to fifteen

15  years).  Based on the potential increased length of parole deferral periods "changes

16  required by Proposition 9 appear to create a significant risk of prolonging [prisoners']

17  incarceration." Id. at *17 (citation omitted).  Despite such appearance, the Ninth Circuit

18  reversed the grant of a preliminary injunction to a class of plaintiffs based on a failure to

19  show a likelihood of success on the merits of such a challenge. Id. at *25. The decision

20  was based on the presumption that Marcy's Law allows for, and that the Board willl

21  schedule, advance parole hearings that theoretically could be provided before the three

22  year minimum deferral period. Id. at *17-25. However, the underlying litigation is still

23  pending. See Gilman v. Brown, CIV-S-05-0830 LKK GGH, 2008 U.S. Dist. LEXIS 17949.[3]

24        Petitioner's claim raises conceptual problems because it seeks relief as to the future

25  scheduling of Petitioner's next hearing. The case is also complicated by the fact that a 42

26

27        [3]A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th
    Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Accordingly, the Court takes
28  judicial notice of the Gilman v. Brown matter.

1   U.S.C. § 1983 action is pending with respect to the validity of the Marsy's Law provision
2   at issue.

3       As described above, Gilman v. Brown has been certified as a class action. The
4   parameters of the Gilman class, as is made clear in the order certifying the class, include
5   Petitioner. (Order, filed on March 4, 2009, in Gilman v. Brown, CIV-S-05-0830)[4] The
6   Gilman class consists of: California state prisoners who: "(i) have been sentenced to a term
7   that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are
8   eligible for parole; and (iv) have been denied parole on one or more occasions."2009 U.S.
9   Dist. LEXIS 21614 at *11.[5] Here, Petitioner is serving a life term with the possibility of
10  parole and is challenging the denial of his second parole suitability hearing.

11      A 42 U.S.C. § 1983 action, such as that in Gilman, is the appropriate vehicle for
12  challenging  the constitutionality of Marsy's Law as Petitioner seeks to do here.  The
13  Supreme Court has found that where prisoners seek the invalidation of state procedures
14  used to deny parole suitability or eligibility, but did not seek an injunction ordering their
15  immediate release from prison, their claims were cognizable under 42 U.S.C. § 1983.
16  Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005).
17  Here, Petitioner challenges the validity of a parole statute or regulation on the basis that
18  its application to him violates the ex post facto clause. Petitioner's ultimate goal is a
19  speedier release from incarceration. However, the immediate relief sought in this claim,
20  and in Gilman, is a speedier opportunity to attempt to convince the Board once again that
21  he should be released. Such a claim is too attenuated from any past finding by the Board
22  for such a claim to sound in habeas. Furthermore, a plaintiff who is a member of a class
23  action for equitable relief from prison conditions may not maintain a separate, individual
24  suit for equitable relief involving the same subject matter of the class action. See Crawford

25

26      [4]See Docket # 182 of Case No. 05-CV-0830.

27      [5]As noted in the October 18, 2010, Order, at p. 3, the Ninth Circuit affirmed the Order, certifying
28  the class. See Docket # 258 in Case No. 05-CV-0830.

1  v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979); see also McNeil v. Guthrie, 945 F.2d 1163,

2  1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged

3  unconstitutional prison conditions cannot be brought where there is an existing class

4  action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc) ("To allow

5  individual suits would interfere with the orderly administration of the class action and risk

6  inconsistent adjudications."). If Petitioner seeks relief speedier than that being adjudicated

7  for the other class members, he can raise that issue by requesting to opt out of the class

8  action.   McReynolds v. Richards-Cantave, 588 F.3d 790, 800 (2nd Cir. 2009).

9      Accordingly, it is recommended that Petitioner's second claim with respect to

10  Marsy's Law be stricken without prejudice to its resolution in the Gilman class action.

11  **III.   CONCLUSION**

12      Petitioner is not entitled to habeas relief based on his claims that the 2009 Board

13  hearing violated his substantive due process rights. Further, Petitioner's claim that  the

14  application Marcy's Law violates the ex post facto clause is already being adjudicated in

15  a class action, and should not be considered in the present action. Accordingly, this Court

16  recommends that claim one of the petition be denied, and claim two be stricken without

17  prejudice in light of the class action pending in Gilman v. Brown, CIV-S-05-0830 LKK GGH.

18  **IV.   RECOMMENDATION**

19      Based on the foregoing, it is HEREBY RECOMMENDED that:

20      1.) Claim one of Petitioner's application for a writ of habeas corpus based on

21      substantive due process concerns at his 2009 Board hearing  be DENIED; and

22      2.)  Claim two be STRICKEN without prejudice in light of the class action pending

23      in Gilman v. Brown, CIV-S-05-0830 LKK GGH.

24      This Findings and Recommendation is submitted to the assigned United States

25  District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

26  304 of the Local Rules of Practice for the United States District Court, Eastern District of

27  California.  Within thirty (30) days after being served with a copy, any party may file written

28  objections with the court and serve a copy on all parties.  Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:      March 15, 2011                        /s/ Michael J. Seng
                                    UNITED STATES MAGISTRATE JUDGE