IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **TONY EUGENE SAFFOLD,**<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>**JAMES HARTLEY, Warden,**<br><br>　　　　　　　Respondent. | Case No. 1:10-cv-01295 LJO MJS (HC)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILING TO STATE COGNIZABLE CLAIM**<br><br>**ORDER DIRECTING PETITIONER TO AMEND THE PETITION TO ASSERT CLAIMS UINDER 42 U.S.C. § 1983 WITHIN 30 DAYS**<br><br>**ORDER DIRECTING PETITIONER TO SHOW CAUSE WHY CLAIM TWO IS NOT BARRED BY <u>GILMAN v. BROWN</u>**<br><br>[Doc. 1] |

　　　　Petitioner is California State prisoner and proceeding *pro se* with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus on July 21, 2010. (Pet., ECF No. 1.) In the petition, Petitioner challenged his May 5, 2009 parole denial, and argued that Marsy's Law[1] violates the ex post facto and due process clauses of the state and federal constitutions. (See Pet., ECF No. 1 at 4.) On May 12, 2011, the Court denied the petition. The Court held that the parole denial claim was barred in light of

---

[1] Cal. Penal Code § 3041.5, as amended i 2 n 2008 by Proposition 9 ("Marsy's Law").

1

1  Swarthout v. Cooke, 562 U.S. 216, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d 732 (2011).
2  Further, since Petitioner was a class member in the Gilman v. Brown class action, the
3  Court dismissed the claim without prejudice to prevent inconsistent adjudications and
4  duplication of cases. (ECF Nos. 17, 20.)

5       Petitioner appealed the ruling only with respect to his second claim alleging ex
6  post facto violations. During the pendency of the appeal, the Ninth Circuit Court of
7  Appeals decided that the claims presented in Gilman v. Brown challenging the increase
8  in length of time before subsequent parole suitability hearings did not violate the Ex Post
9  Facto clause. Gilman v. Brown, 814 F.3d 1007, 1021 (9th Cir. 2016).

10      On August 26, 2016, the Ninth Circuit vacated this Court's ruling and remanded
11 the matter to this Court for further proceedings. (ECF No. 36.) The Ninth Circuit ruled
12 that in light of Nettles v. Grounds, 2016 U.S. App. LEXIS 13573 (9th Cir. Cal. July 26,
13 2016), the court lacked jurisdiction to rule on Petitioner's ex post facto claim in a habeas
14 proceeding and directed the Court on remand to provide Petitioner leave to amend to
15 assert his claim in a 42 U.S.C. § 1983 action. (ECF No. 36.) On September 21, 2016, the
16 Ninth Circuit issued its mandate pursuant to Rule 41(a) of the Federal Rules of Appellate
17 Procedure.

18 **I.    Discussion**

19     **A.    Failure to State Cognizable Claim**

20      Petitioner's first claim challenging his parole denial was previously denied by the
21 court. Petitioner's remaining claim challenging Proposition 9 as a violation of the ex post
22 facto clause must be dismissed because it does not challenge the fact or duration of
23 Petitioner's confinement. However, Petitioner shall be granted leave to amend to assert
24 the claim in a civil rights action under 42 U.S.C. § 1983.

25      A federal court may only grant a petition for writ of habeas corpus if the petitioner
26 can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. §
27 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the
28 "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.

1991), quoting, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Petitioner's claim does not implicate the fact or duration of his confinement and success on Petitioner's claim would not necessarily result in the shortening of his sentence. Success on his claim that Marsy's Law violated the Ex Post Facto Clause would not necessarily result in the shortening of his sentence as there is no guaranty that he would be granted parole at his next suitability hearing.

Petitioner's claims are not cognizable grounds for federal habeas corpus relief and must be dismissed. Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint. The Court expresses no opinion as to the merits of such a civil rights complaint.

In an appropriate case a habeas petition may be construed as a Section 1983 complaint. <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. However, the Court notes that there are several significant differences in proceeding in habeas corpus compared to in a civil rights action. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $400 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. <u>See</u> 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $400 fee would be deducted from income to his or her account. Also, a civil rights complaint which is dismissed as

malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

Accordingly, the matter is DISMISSED without prejudice. Petitioner may amend the petition and present claim two in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas petition. The Clerk of Court shall send Petitioner a blank civil rights complaint form along with a copy of this Order.

**B.     Order to Show Cause**

In his petition, Petitioner alleges that the Board's three year denial violated the Ex Post Facto Clause.

Proposition 9 was passed by California voters in 2008, and was codified in California Penal Code § 3041.5(b)(3). It altered the frequency of parole suitability hearings for prisoners found unsuitable for parole. Prior to the adoption of Marsy's Law, the default called for reconsideration of parole suitability at a new hearing in one year, although the Board had discretion to defer the next parole suitability hearing for a longer period. Marsy's Law increased the presumptive interval to fifteen years, and reduced — but did not eliminate — the Board's discretion to shorten it. Cal. Penal Code § 3041.5. In Petitioner's case, the Board exercised its discretion to select a shorter permissible interval, specifically, three years.

Should Petitioner choose to amend and present this claim in a civil rights action, he is ordered to show cause why it should not be subject to dismissal because Petitioner is a member of the plaintiff class in Gilman v. Fisher, 814 F.3d 1007 (E.D.Cal.) ("Gilman"), which is comprised of "all California State prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." See Gilman, 110 F. Supp. 3d 989, 2014 U.S. Dist. LEXIS 26386, *3, Order filed Feb. 28, 2014 (ECF No. 532 at 1-2) (citation and internal quotation marks omitted). Like the other plaintiffs in Gilman, Petitioner alleges that retroactive application of Proposition 9 creates a significant risk that he will receive a longer period of incarceration than he would have under the law as it existed when he was sentenced.

4

On February 28, 2014, the court in <u>Gilman</u> issued an order granting the <u>Gilman</u> class declaratory and injunctive relief, including entitlement to annual parole hearings unless the Board expressly finds that a longer deferral period is warranted. See <u>Gilman</u>, 110 F. Supp. 3d 989, 2014 U.S. Dist. LEXIS 26386, *82 (ECF No. 532 at 57-58). However on February 22, 2016, the Ninth Circuit reversed the decision of the district court and ordered judgment entered in favor of the State of California. See <u>Gilman v. Brown</u>, 814 F.3d 1007, 1009 (9th Cir. 2016). The Ninth Circuit issued its formal mandate to the district court on June 2, 2016.

Members of the <u>Gilman</u> class "may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action." <u>Gilman</u>, 2010 U.S. Dist. LEXIS 143678, *3, Order filed Dec. 10, 2010 (ECF No. 296 at 2). Petitioner has not shown that he has opted out of the <u>Gilman</u> class. Accordingly, Petitioner must show cause why his Ex Post Facto claim based upon the application of Marsy's Law should not be dismissed without prejudice.

**II.     Order**

Therefore it is ordered that the petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner's right to file a civil rights action pursuant to 42 U.S.C. § 1983. The Clerk of Court shall send Petitioner a blank civil rights complaint form along with a copy of this Order. Should Petitioner amend and file his claim in a civil rights action, he must show cause as to why the action should not be dismissed in light of the decision in <u>Gilman</u>. Petitioner's amended complaint and response to the order to show cause are due within thirty (30) days of issuance of this order.

IT IS SO ORDERED.

Dated:    September 27, 2016            /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE